State of Texas ex rel. H. J. Vogler v. L. Mahncke.

Delivered June 2, 1897.

1. **Election—Ambiguous Ballot—Extraneous Facts.**

Where a ballot, voted under the "Australian Ballot" system, had upon it the name of M., but did not disclose the office voted for, and the evidence showed that M. was running for alderman, and that no other person by the name of M. was running for any office at that election, the ballot was properly counted for M. as alderman.

2. **Same—Statement of Rule.**

A ballot is to be interpreted by the ordinary rules which apply to written instruments; and where there is doubt as to the intention of the voter, because of some apparent ambiguity on the face of the ballot, it is error for the court to reject proper evidence offered to explain the ambiguity, and refuse to count the ballot.

Appeal from Bexar. Tried below before Hon. J. L. Camp.

*A. Lewy, John Sehorn,* and *A. W. Seeligson,* for appellant.—The court erred in counting the thirty-two ballots on which the names of the offices of the various candidates were erased, because such ballots were not legal ballots and did not comply with the statute which requires the names of the offices to be voted for to be written or printed on the ballot. Rev. Stats., art. 1788; Cool. Const. Lim., 5 ed., 768, 769; McCrary on Elections, secs. 507, 511, bottom of p. 331, and middle of p. 332.

*Carlos Bee* and *George R. Hines,* for appellee.—The ballots should have been counted, because article 1788, Revised Statutes, which prescribes the form and requisites of the ballots to be used in elections similar to the one at which the said ballots were used, does not require that there shall be any designation of the offices to be voted for on the ballots, but simply provides that the names of all the candidates for the various offices shall be printed on the ballots. Cool. Const. Lim., 769; McCrary on Elections, sec. 341; 6 Am. and Eng. Encyc. of Law, 343-346; State v. Hanscom, 31 S. W. Rep., 547; People v. Cook, 8 N. Y., 67; Owens v. Jennett, 64 Texas, 500; Williams v. Phillips, 63 Texas, 390; Houston v. Steele, 34 S. W. Rep., 6; State v. Elwood, 12 Wis., 615.

FLY, ASSOCIATE JUSTICE.—This action was instituted by the district attorney of Bexar County, in the name of the State of Texas, at the instance and request of H. J. Vogler, against appellee, to obtain the office of alderman of the Fifth ward in the city of San Antonio. It was alleged that there were four candidates for the office, to wit, H. J. Vogler, Ludwig Mahncke, L. D. Martin, and Dr. Frederick Terrell, and that according to the returns Vogler received 377 votes, Mahncke 381 votes, Martin 64 votes, and Terrell 215 votes, but that forty votes had been counted in precinct number 11 for Mahncke that were illegal, because the name of the office of alderman, as well as all the other offices, had been obliterated and erased from the ballots, so that there was nothing to show or to indicate the office for which the names on the ballots so cast should be counted. It was further alleged, that in precinct No. 12 ballots like those above described that had been cast for Vogler were not counted by the officers of election. The trial before the district judge resulted in a judgment for appellee.

The only question presented for the consideration of this court is as to whether the 32 ballots, on which the designation of the office for which Vogler and Mahncke were candidates, was erased, should be counted, and it is agreed that if they should be counted Mahncke should have the office, and if not, Vogler should have it.

The record in this case is very imperfect and unsatisfactory, but we are perhaps justified in arriving at the conclusion that the election was held under the system commonly known as the "Australian ballot" system, for which provision is made in chapter 6, pages 366-371, Revised Statutes of 1895.

In article 1788 of said chapter, it is provided: "All ballots used by voters at said elections shall be furnished by officers conducting said election, upon which shall be printed the names of all the candidates for State, county, precinct, or city offices upon one ticket, and arranged according to the respective parties to which the candidates may belong, and whenever a voter has been furnished with a ballot by an officer conducting the election, the presiding officer shall stamp with a rubber stamp provided for that purpose the words "Official Ballot," and no ballot cast without such words stamped upon it by the said presiding officer shall be counted at said election." Article 1789 provides, that "all ballots used at any election shall be upon substantially the same character of paper, which shall be white, and any candidates shall have the right to have ballots printed such as are named in the preceding article, which he must furnish to the presiding officers at least one day before the day of holding the election."

The above cited articles contain all the requirements as to ballots in cities holding elections under the provisions of chapter 6, above cited, and it will be noted that it is not required in terms that the office for which a candidate is running shall be designated upon the ballot, and that no ballot is excluded from being counted except one upon which the official stamp has not been placed. The law embodied in chapter 6 of the Revised Statutes was passed in 1892, the general election laws having been passed in 1883. We conclude that as to cities of 10,000 inhabitants and over that have brought themselves within the purview of the Act of 1892, that act alone is to be looked to for guidance as to the character of the ballots. We do not feel disposed to rest our decision on the ground that the statute does not require the designation of the office to be placed on the ballot, but leave that question open. We are of the opinion, however, that if the law required the designation of the office on the ballot, the failure to do would not necessarily render the ballot illegal, but that the ballot, like any other written instrument, should be examined and construed in the light of the attendant circumstances so as to ascertain the intention of the voter in connection therewith. Judge Cooley has laid down the following rule on the subject of the admissibility of extrinsic evidence to help out the imperfections of a ballot: "We think evidence of such facts as may be called the circumstances surrounding the election—such as who were the candidates brought forward by the nominating conventions; whether other persons of the same names resided in the district from which the officer was to be chosen, and if so, whether they were eligible or had been named for the office; if a ballot was printed imperfectly, how it came to be so printed, and the like—is admissible for the purpose of showing that an imperfect ballot was meant for a particular candidate, unless the name is so different that to thus apply it would be to contradict the ballot itself, or unless the ballot is so defective that it fails to show any intention whatever, in which cases it is not admissible." The above rule has been cited approvingly by the Supreme Court of Texas (Davis v. State, 75 Texas, 420),

and the court said: "The law seems to be that a ballot must be interpreted by the ordinary rules which apply to written instruments. If upon the face of the ballot the intention of the voter is clear, extrinsic evidence should not be admitted, least of all his own evidence as to what his intention was. But if from the face of the ballot the intention be doubtful, then evidence of the circumstances under which it was made out, if calculated to throw light upon the intention, should be admitted." In McCrary on Elections, section 510, the rule is laid down that, "in cases where there is doubt as to the intention of the voter, because of some apparent ambiguity on the face of the ballot, it is error for the court to reject proper evidence offered to explain the ambiguity, and to instruct the jury, as matter of law, that such ballot can not be counted."

These rules have been universally adopted, and if the ballots in this case are ambiguous, and otherwise come within the rule announced, extrinsic circumstances are admissible to show the intention of the voter. An inspection of the original ballots sent up with the record shows that there was an evident intention on the part of the voters to vote for Mahncke, but for what office is left in doubt. In this case the pleadings of appellant allege that an election was held in the city of San Antonio for city officers and ward aldermen, among the latter one in the fifth ward; that at said election there were four candidates for aldermen of the fifth ward, among the number being Ludwig Mahncke, and H. J. Vogler, and that at the polling place in precinct No. 11 in said ward 40 votes were counted for Mahncke that were illegal because the office was not designated. The ballots have the official stamp on them, and we must conclude under the law that all the candidates for city or ward offices at the city election have their names on the official ballot. An inspection of the ballots as well as the allegations in the pleadings clearly indicate that Mahncke was running for but one office, that of alderman of the fifth ward, and that all the ballots cast for him were in that ward. The votes having been cast for Mahncke, in his own ward, and he being a candidate for only one office, we are led to the conclusion that the district judge did not err in counting them for Mahncke for alderman of the fifth ward.

In the case of the State v. Anderson, 8 Southern Reporter, 1, there was an election for aldermen, and on some of the ballots they were designated "councilmen," and after quoting from the case of People v. Matteson, 17 Illinois, 167, the Supreme Court of Florida says: "It was well said in that case that the court was called upon to determine from the evidence the simple fact of the intention of the voter, and that no rational mind could doubt upon the question of fact of their intention to vote for the relators to fill the offices for which the election was ordered, and that this was so palpable that its discussion would not be attempted." On others of the ballots, in the Florida case, the office was not designated in any manner, except by a certain box in which they were deposited, and the court held that they should have been counted. In the case of Page v. Kuykendall (Ill.), 32 Law. Rep. Ann., 656, the election was for

two school directors, one for the long term and the other for the short term, and some of the voters had failed to designate the term on their ballots, and the court held that the ballots should not be counted, because it was impossible to tell which one of the candidates was for the long or short term. It was further held, however, in connection with other votes on which the title of the office was not written, and on which "long term" had been written opposite .one of the names, that the ballots should have been counted, the rule being announced, that "the circumstances surrounding the election may be considered in ascertaining the voter's intention, or to explain impection. in the ballots."

We conclude that there was no error in the judgment of the District Court, and it is. affirmed.

*Affirmed.*